JOHN W. HUBER, United States Attorney (#7226)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176



## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TEANDRE JOHNSON, Defendant. | Case No. 2:20mj307 PMW<br><br>COMPLAINT<br><br>Count I: 18 U.S.C. § 922(g)(1)<br>Felon in Possession of a Firearm and Ammunition<br><br>Judge Paul M. Warner  |

Before the Honorable Paul M. Warner, Chief United States Magistrate Court

Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

### COUNT I
18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm and Ammunition)

On or about April 12, 2020, in the Central Division of the District of Utah,

TEANDRE JOHNSON,

Defendant herein, knowing he had been convicted of a crime punishable by imprisonment

for more than one year, did knowingly possess a firearm and ammunition, to wit: a Ruger

1

9mm handgun, and associated ammunition, and the firearm and ammunition were in and affecting commerce; all in violation of 18 U.S.C. § 922(g)(1).

This complaint is made on the basis of investigation consisting of the following:

**Agent Background**

1. I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January of 2017. I am assigned to the Salt Lake City Field Office, in the District of Utah. I am a Certified Police Officer in the State of Utah where I am employed by the Department of Corrections, Adult Probation and Parole, and have worked since March of 2001. I have received special training and experience as follows: I attended Utah Officer Standards and Training (P.O.S.T.) where I received instruction on basic criminal investigation. Upon completion of P.O.S.T., I worked at a Community Correctional Center where I maintained safety, security and surveillance over programs and activities, including supervision and monitoring of inmates.

2. During the assignment of agent, I have supervised both probation and parole caseloads, have gathered background information, interviewed offenders and collateral contacts, visited their residences, places of business, and employment, evaluated credibility of sources, circumstances, and other related factors; to make recommendations to the Court and Utah State Board of Pardons and Parole. As a supervision agent, I have routinely come in contact with admitted narcotics users and distributors. I have been able to have

conversations with narcotic users and have learned trends in regards to the use and sale of controlled substances.

3.      From 2008 to 2013, I was assigned as a Task Force Officer (TFO) to the Joint Criminal Apprehension Team (JCAT). During that time as a TFO assigned to JCAT, I assisted in numerous apprehensions of violent offenders, conducted live surveillance, and was involved in numerous fugitive investigations in which the subject was located.

## Statement of Probable Cause

1.      On April 12, 2020, Officer Manis with the Saratoga Springs (Utah) Police Department (District of Utah) was patrolling in that same city, and observed a vehicle that had an unreadable license plate because it was wedged between the glass and the rear deck.

2.      Officer Manis began to follow the vehicle and it quickly accelerated away and was traveling at 55 miles per hour in a 45 mile per hour zone, before slowing down abruptly.

3.      Officer Manis activated his overhead lights to initiate a traffic stop.

4.      As Officer Manis approached the vehicle he could immediately smell the odor of marijuana coming from the vehicle.

5.      Officer Manis made contact with the driver who was the Defendant, Teandre Johnson, and told the Defendant about the traffic violations and also asked who had the marijuana (there was also a male passenger in the vehicle).

6.      The Defendant stated there may be some marijuana in the car.

7. Officer Manis performed a records check on the Defendant and learned that his driver's license was suspended for a Driving under the Influence (DUI) conviction; he also learned that the male passenger did not have a valid driver's license.

8. With the help of backup, Officer Manis conducted a search of the vehicle.

9. During the search of the vehicle, law enforcement located several marijuana pipes behind the driver's seat.

10. Law enforcement also found a locked plastic case on the floor behind the driver's seat that appeared to be a container for a firearm.

11. Law enforcement asked who it belonged to; the passenger hesitantly claimed it was his.

12. Law enforcement asked for the code to the case, but the passenger could not recite it; the Defendant, within earshot of law enforcement, told the passenger the code # and then the passenger told Officer Manis.

13. Inside of the container law enforcement found a Ruger 9mm handgun along with a loaded magazine and several boxes of ammunition.

14. Officer Manis asked the passenger what kind of gun it was, and he did not know the make, model, or caliber for the gun.

15. The driver and passenger were later separated as the investigation continued.

16. Soon after this the passenger spoke up to apologize for lying and told law enforcement that the Defendant had told him to "take the hit" for the gun, and that after they were being pulled over the Defendant told him to say the gun was his.

17. Law enforcement also interviewed the Defendant after giving him notice of his constitutional rights via a *Miranda* warning.

18. The Defendant claimed he sold the gun to the passenger two weeks prior to this and did not realize the passenger had left it in the vehicle, but also said he had only recently retrieved the gun from his grandma's house in order to give it to the passenger.

19. The Defendant also admitted that he was on probation for an assault and then later for a DUI, and knew he was not allowed to possess firearms.

20. The Defendant has previously been convicted for a felony (DUI) and was at this time on probation for that felony conviction.

21. The firearm and associated ammunition found during the search outlined above were manufactured outside of the state of Utah, and would have had to travel through interstate commerce in order to be found in the State of Utah, and therefore, were in and affecting commerce.

Based on the foregoing information, your affiant respectfully requests that a warrant of arrest be issued for TEANDRE JOHNSON for violation of 18 U.S.C. § 922(g)(1).

/s/ Brittney McIntyre
Affiant,
ATF TFO Brittney McIntyre

SUBSCRIBED AND SWORN to before me this 21st day of April, 2020.

Paul M. Warner
Chief United States Magistrate Court Judge

APPROVED:

JOHN W. HUBER
United States Attorney


/s/ Sam Pead
SAM PEAD
Assistant United States Attorney